UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**ARNOLD LUMBER CO., d/b/a**
**SEASIDE CASUAL FURNITURE**

CA 07 073 ML

**V.** **CA:**

**ZICOM, INC. and DANIEL CANARY d/b/a ARCHITECTURAL DESIGN d/b/a PREMIUM POLY PATIOS, ARCHITECTURAL d/b/a PREMIUM POLY PATIOS and PREMIUM POLY PATIOS**

## VERIFIED COMPLAINT
### Introduction

Plaintiff, Arnold Lumber Co., a division of which is doing business as Seaside Casual Furniture, brings this action to enjoin defendants, Zicom, Inc. and Daniel Canary, who are doing business as Architectural Design d/b/a Premium Poly Patios, Architectural d/b/a Premium Poly Patios and Premium Poly Patios, from using plaintiff's trade names "Seaside Casual Furniture, "Shell Back" and "Envirowood" in defendants' web-based business selling outdoor furniture on defendants' website www.poly-lumber-furniture.com, which brings the user to Premium Poly Patios. Plaintiff also seeks to enjoin defendants from using plaintiff's photographs of Seaside Casual Furniture products on the Premium Poly Patios website and elsewhere; and to enjoin defendants from using the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com. The domain name www.envirowood-furniture.com redirects the user to www.poly-lumber-furniture.com. Plaintiff has demanded that defendants cease and desist from such actions and defendants have refused.

**Facts common to all counts**

1. Plaintiff, Arnold Lumber Co. is a Rhode Island corporation organized and doing business under the laws of the State of Rhode Island.

2. Arnold Lumber Co. was incorporated on July 22, 1975.

3. Arnold Lumber Co. has a principal place of business located at 251 Fairgrounds Road, West Kingstown, Rhode Island.

4. Arnold Lumber Co. operates a furniture division under the name "Seaside Casual Furniture".

5. Seaside Casual Furniture is located at 506 Fairgrounds Road, West Kingstown, Rhode Island.

6. Seaside Casual Furniture has been in business since 1996.

7. Bruce Charleson has been the President and Chief Executive Officer of Arnold Lumber Co. since 2001.

8. Defendant, Zicom, Inc. is a Florida corporation organized and doing business under the laws of the State of Florida. **Exhibit "A"**

9. Upon information and belief, Defendant, Daniel Canary, resides at 1200 Falcon Avenue, Miami Springs, Florida. **Exhibit "B"**

10. Defendants are doing business under the names Architectural d/b/a Premium Poly Patios and Architectural Design d/b/a Premium Poly Patios.

11. Defendants are also doing business under the name Premium Poly Patios.

12. Arnold Lumber Co. has been using the trade name "Seaside Casual Furniture" continuously since 1996.

13. Seaside Casual Furniture designs, fabricates and sells outdoor furniture.

14. The furniture manufactured by Seaside Casual Furniture is constructed of either mahogany wood or a material that Seaside Casual Furniture has labeled "Envirowood". **(Exhibit "C")**

15. Envirowood is a product that is comprised of recycled plastic bottles and containers, and is permeated with UV stabilized coloring that is consistent throughout the entire product. **(Exhibit "C")**

16. Envirowood has the same look as traditional painted wood and requires no maintenance other than cleaning with soap and water. **(Exhibit "C")**

17. Seaside Casual Furniture's Envirowood line of furniture includes foot stools, end tables, dining tables, chairs, benches, picnic tables and swings. **(Exhibit "C")**

18. Seaside Casual Furniture has designed, manufactured and sold Envirowood furniture continuously since 2000.

19. Seaside Casual Furniture began advertising its Envirowood line of furniture in 2001.

20. Seaside Casual Furniture has continuously advertised its Envirowood line of furniture since 2001. **(Exhibit "C")**

21. Seaside Casual Furniture catalogues have specifically identified this line of furniture as "Envirowood" since 2001. **Exhibit "C"**

22. Seaside Casual Furniture advertising brochures specifically identify this line of furniture as "Envirowood". **Exhibit "C"**

23. Invoices for Seaside Casual Furniture's Envirowood furniture have continuously identified the product sold as "Envirowood" since 2000. **(Exhibit "D")**

24. Seaside Casual Furniture provides a twenty (20) year warranty for its Envirowood furniture.

25. Seaside Casual Furniture's line of Envirowood furniture includes furniture with the term "Shell Back". **(Exhibit "C")**

26. Seaside Casual Furniture has been using the term "Shell Back" continuously since 2001. **(Exhibit "C")**

27. Seaside Casual Furniture's advertising brochures have been using the term "Shell Back" continuously since 2001. **Exhibit "C"**

28. Invoices for Seaside Casual Furniture's Envirowood furniture have been using the term "Shell Back" continuously since 2001. **Exhibit "D"**

29. Seaside Casual Furniture has a sales identification plate attached to it that reads:

**Seaside Casual Furniture Co.**
**"Made in USA"**
**West Kingstown, RI 02892**
**A division of Arnold Lumber Co.**

**Exhibit "E"**

30. In 2001, Seaside Casual Furniture won a Design Excellence Award at the International Casual Furniture Trade Show in Chicago for its Envirowood Shell Back Adirondack Rocker. **Exhibit "F"**

31. The worldwide web address for Seaside Casual Furniture's website is www.seasidecasual.com. **Exhibit "G"**

32. Seaside Casual Furniture has maintained this domain name and website since October 2, 1997. **Exhibit "H"**

33. Arnold Lumber Co. authorizes dealerships for its Seaside Casual Furniture line pursuant to certain guidelines established and maintained by the company.

34. Since 2003, Arnold Lumber Co.'s dealership guidelines require that dealers have a showroom that is open to the public during regular hours, is listed in the local phone book, is staffed with sales personnel, advertises in local media, and displays Seaside Casual Furniture purchase materials.

35. Since 2003, Arnold Lumber Co.'s dealership guidelines require that dealers have a warehouse with the ability to inventory items on display, the ability to set up and deliver Seaside Casual Furniture products to customers, the capacity to receive warranty returns from customers, and a willingness to make small repairs before delivery.

36. Since 2003, Arnold Lumber Co.'s dealership guidelines require that dealers participate in Seaside Casual Furniture programs, display new product offerings, comply with Seaside Casual Furniture's "minimum advertising program", and conform to Seaside Casual Furniture's e-commerce policy.

37. Since 2003, Arnold Lumber Company's dealership guidelines further require that dealers be in good standing with Seaside Casual Furniture's credit department and supply accurate credit information.

38. A small percentage of Seaside Casual Furniture's authorized dealers also have a website on which Seaside Casual Furniture is sold.

39. Seaside Casual Furniture authorized dealers use Seaside Casual Furniture catalogues, photographs copied from a CD issued to dealers by Seaside Casual Furniture, or download photographs on Seaside Casual Furniture's website, to sell the furniture line.

40. Seaside Casual Furniture authorized dealers purchase the furniture that they sell (1) with the dealer's credit card, (2) pay with a check in advance of delivery or (3) have an account with Arnold Lumber Co.

41. Seaside Casual Furniture authorized dealers may not use a customer's credit card to purchase furniture.

42. Seaside Casual Furniture will ship furniture to a customer on behalf of the authorized dealer.

43. On May 18, 2005, Daniel Canary registered the domain name www.poly-lumber-furniture.com. **Exhibit "I"**

44. In late 2005 or early 2006,Pamela Shelow and Daniel Canary of Premium Poly Patios, called Andy Boyce, the manager of Seaside Casual Furniture, three or four times to express an interest in becoming an internet dealer for Seaside Casual Furniture.

45. Pamela Shelow would make the initial telephone calls and request the opportunity to open a Seaside Casual Furniture internet dealership.

46. During these telephone conversations, Andy Boyce would explain Seaside Casual Furniture's requirements to become an authorized dealer and explain its policy of not opening a dealership that exclusively sold products on the internet.

47. During these telephone conversations, Pamela Shelow would become angry and disagree with Seaside Casual Furniture's internet policy and showroom requirements.

48. During these telephone conversations, Daniel Canary would take over from Pamela Shelow and inquire into ways to get around Seaside Casual Furniture's showroom and other dealership requirements.

49. Daniel Canary would insist that Seaside Casual Furniture sell to him because he sells "tons of furniture" on the website of Premium Poly Patios.

50. Daniel Canary also insisted that Seaside Casual Furniture sell to him because of his belief that Seaside Casual Furniture sold to web companies that do not have a showroom.

51. Andy Boyce explained to Daniel Canary that Seaside Casual Furniture's policy of not selling to dealers that only sold through the internet had been in place since 2003 and that Seaside Casual Furniture was not going to make an exception.

52. The conversations between Andy Boyce and Daniel Canary and Pamela Shelow would end with Daniel Canary hurling insults and unfounded accusations at Andy Boyce and Pamela Shelow yelling expletives in the background.

53. Subsequent to these initial telephone conversations, Pamela Shelow and Daniel Canary contacted Andy Boyce and stated that in order to fulfill Seaside Casual Furniture's requirement for a "showroom", they would order some chairs and place them in a break room at a millwork business that Daniel Canary owned on a 50/50 basis with Pamela Shelow located at 3545 50th Street, Miami Florida.

54. Andy Boyce told Daniel Canary that this would not meet Seaside Casual Furniture's criteria for a dealership and that Seaside Casual Furniture would not sell to him under this arrangement.

55. Unbeknownst to Andy Boyce, Daniel Canary then contacted Paul Cotnoir, who is an outside salesman for Seaside Casual Furniture, and told Paul Cotnoir that that he owned Architectural Designs, a design center in Florida, that displays and sells site furnishings at retail.

56. Daniel Canary also told Paul Cotnoir that he worked with hundreds of architects around the country that specify furniture needs for their projects.

57. Unbeknownst to Andy Boyce, on March 1, 2006, Arnold Lumber Co. received a credit application submitted by Daniel Canary under the name Architectural d/b/a Premium Poly Patios. **Exhibit "J"**

58. The credit application submitted for Architectural d/b/a Premium Poly Patios was signed by Daniel Canary.

59. The credit applicant's name was Architectural d/b/a Premium Poly Patios.

60. The only known corporation with the name "Architectural" with a correlation to Daniel Canary is Architectural Moulding & Millworks, Inc.

61. Architectural Moulding & Millworks, Inc. is a Florida corporation that does not list Daniel Canary as an officer. **Exhibit "K"**

62. Architectural Moulding & Millworks, Inc. is located at 3545 N.W. 50 Street, Miami Springs, Florida. **Exhibit "K"**

63. The property located at 3545 N.W. 50 Street, Miami Springs, Florida is owned by Humdol, Inc. **Exhibit "L"**

64. Daniel Canary is not an officer of Humdol, Inc. **Exhibit "M"**

65. Upon information and belief, Daniel Canary is an employee of Architectural Moulding & Millworks, Inc. **Exhibit "N"**

66. Upon information and belief, Architectural Moulding & Millworks, Inc. does not sell outdoor furniture. **Exhibit "O"**

67. Premium Poly Patios is not a Florida corporation. **Exhibit "P"**

68. The address listed on the credit application submitted for Architectural d/b/a Premium Poly Patios was 1200 Falcon Avenue, Miami Springs, Florida. **Exhibit "J"**

69. The address of 1200 Falcon Avenue, Miami Springs, Florida is the personal residence of Daniel Canary and Lorna Canary. **Exhibit "B"**

70. Upon receipt of the credit application submitted for Architectural d/b/a Premium Poly Patios, Arnold Lumber Co. ran a credit check on Daniel Canary and Pamela Shelow. **Exhibit "Q"**

71. The credit check revealed that both Daniel Canary and Pamela Shelow had a credit rating that was not acceptable to Arnold Lumber Co. **Exhibit "Q"**

72. On April 14, 2006, John Murano, Credit Manager for Arnold Lumber Co. sent to Daniel Canary a rejection of the credit application submitted for Architectural d/b/a Premium Poly Patios. **Exhibit "R"**

73. Unbeknownst to Andy Boyce, defendants began ordering Envirowood products from Arnold Lumber Co.'s sale department. **Exhibit "S"**

74. On April 13, 2006, Seaside Casual Furniture received an order via facsimile transmission from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Salem Round Dining Table and one (1) Envirowood Shellback Deck & Dining Chair. **Exhibit "S"**

75. The total price for Invoice No. 2426573 was $1,035.28.

76. At the direction of Architectural Design, the Envirowood products were shipped to a customer in Gaithersburg, Maryland.

77. On April 17, 2006, Seaside Casual Furniture received an order via facsimile transmission from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Lifeguard Chair. **Exhibit "S"**

78. The total price for Invoice No. 2426629 was $387.88.

79. At the direction of Architectural Design, the Envirowood product was shipped to a customer in Marietta, Georgia.

80. On April 18, 2006, Seaside Casual Furniture received an order via facsimile transmission from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Shellback Deck & Dining Chair, one (1) Envirowood Salem Round Dining Table, one (1) Envirowood Shell Back Adirondack Chair and one (1) Envirowood Nantucket Side Table. **Exhibit "S"**

81. The total price for Invoice No. 2427574 was $2,120.88.

82. At the direction of Architectural Design, the Envirowood products were shipped to a customer in Brant Beach, New Jersey.

83. On April 18, 2006, Seaside Casual Furniture received an order from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Lifeguard Chair. **Exhibit "S"**

84. The total price for Invoice No. 2426629 was $387.88.

85. At the direction of Architectural Design, the Envirowood product was shipped to a customer in Marietta, Georgia.

86. On April 19, 2006, Seaside Casual Furniture received an order from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Lifeguard Chair. **Exhibit "S"**

87. The total price for Invoice No. 2427344 was $277.08.

88. At the direction of Architectural Design, the Envirowood product was shipped to a customer in Marietta, Georgia.

89. On April 19, 2006, Seaside Casual Furniture received an order from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Chaise Lounge. **Exhibit "S"**

90. The total price for Invoice No. 2427945 was $956.36.

91. At the direction of Architectural Design, the Envirowood product was shipped to a customer in Daytona Beach, Florida.

92. On April 20, 2006, Seaside Casual Furniture received an order via facsimile transmission from Architectural Design d/b/a Premium Poly Patios for one (1) Envirowood Classic Adirondack Swing. **Exhibit "S"**

93. The total price for Invoice No. 2429607 was $301.58.

94. At the direction of Architectural Design, the Envirowood products were shipped to a customer in Shrewsbury, Massachusetts.

95. On April 25, 2006, Seaside Casual Furniture received an order via facsimile transmission from Architectural Design d/b/a Premium Poly Patios for two (2) grey Shell Back bar chairs, one (1) grey Adirondack foot stool, one (1) grey Adirondack Shell Back rocker, one (1) grey bar height table, two (2) tan Shell

Back bar chairs, and one (1) grey low dining table from its Envirowood line of furniture. **Exhibit "S"**

96. The purchase price for Invoice No. 2432268 was $1,605.88.

97. At the direction of Architectural Design, the Envirowood products were shipped to its customer in Corpus Christi, Texas.

98. On May 1, 2006, Andy Boyce advised Daniel Canary that Seaside Casual Furniture would not sell its furniture to Premium Poly Patios.

99. Daniel Canary became very belligerent and demanded to speak with Seaside Casual Furniture's owner.

100. Andy Boyce gave Daniel Canary the contact information for Bruce Charleson and encouraged Daniel Canary to call or write to Bruce Charleson.

101. On May 3, 2006, Daniel Canary called Bruce Charleson regarding Seaside Casual Furniture's dealership policy.

102. Bruce Charleson advised Daniel Canary that Seaside Casual Furniture would not permit Premium Poly Patios to become an authorized dealer for its furniture.

103. Unbeknownst to Bruce Charleson or Andy Boyce, on May 4, 2006, Seaside Casual Furniture received an order from Architectural Design d/b/a Premium Poly Patios for two grey Shell Back bar chairs from its Envirowood line of furniture. **Exhibit "S"**

104. The purchase price for Invoice No. 2439510 was $426.78.

105. The product was shipped to Architectural Design.

106. On May 3, 2006, Daniel Canary sent an e-mail to Bruce Charleson questioning the decision to not sell furniture to him and again represented that he had a showroom. **Exhibit "T"**

107. On May 30, 2006, Andy Boyce viewed the Premium Poly Furniture website and observed that Seaside Casual Furniture was still listed for sale and was using Seaside Casual Furniture's photographs.

108. On May 30, 2006, Andy Boyce sent an e-mail correspondence to Daniel Canary at his website, admin@poly-lumber-furniture.com, requesting that he remove Seaside Casual Furniture's Envirowood products from his web site. **Exhibit "U"**

109. On May 30, 2006, Daniel Canary sent a response e-mail to Andy Boyce wherein he refused to remove Seaside Casual Furniture's product from his website, admin@poly-lumber-furniture.com. **Exhibit "U"**

110. In the text of his response message, Daniel Canary implicitly acknowledged that he is maintaining Seaside Casual Furniture on his web site as a "bait and switch" tactic in order to sell other products. **Exhibit "U"**

111. On June 6, 2006, Andy Boyce called Daniel Canary to make a second request that he remove the Seaside Casual Furniture products from his website.

112. Daniel Canary again refused to remove the Seaside Casual Furniture listings from his web site.

113. On April 20, 2006, Daniel Canary registered the domain name www.envirowood-furniture.com with GO DADDY SOFTWARE, INC. **Exhibit "V"**

114. The domain name www.envirowood-furniture.com redirects the user to the domain name www.poly-lumber-furniture.com.

115. The domain name www.poly-lumber-furniture.com directs you to the website for Premium Poly Patios. **Exhibit "W"**

116. The Premium Poly Patios website advises customers to call telephone number (888) 883-3113 for assistance. **Exhibit "W"**

117. The telephone number listed on the Premium Poly Patios website is (888) 883-3113, which is the same phone number as that listed on the credit application submitted by Daniel Canary for Architectural d/b/a Premium Poly Patios. **(Exhibits "J" & "W")**

118. The Premium Poly Patios website advises customers that credit card charges will be billed to Zicom, Inc. **Exhibit "W"**

119. A search conducted for the name "Zicom, Inc." in the Florida Department of State, Division of Corporations website reveals that Daniel Canary is the President and Treasurer of Zicom, Inc. **Exhibit "A"**

120. Zicom, Inc. has a principal address of 1200 Falcon Avenue, Miami Springs, Florida. **Exhibit "A"**

121. Zicom Inc.'s other officer is Pamela Shelow, who is the Vice President and Secretary. **Exhibit "A"**

122. Zicom, Inc. also operates Precious Pets Paradise, which sells pet products.

123. The name Daniel Canary is also listed as an officer of the following Florida corporations: Canary Creations, Inc., D.C. Publishing, Inc., Tone Def Records, Inc. and World Premier Records, Inc. **Exhibit "X"**

124. The name Pamela Shelow is only listed as an officer of Zicom, Inc.

125. The Premium Poly Patios website still represents that it is an authorized dealer for Envirowood furniture. **Exhibit "Y"**

126. The Premium Poly Patios website also represents that it sells Poly-Wood furniture and Poly-Lumber furniture. **Exhibit "Z"**

127. The Premium Poly Patios website contains photographs of Seaside Casual Furniture's line of furniture, said photographs having been produced at the request of Seaside Casual Furniture. **Exhibits "Y" & "Z"**

128. Upon information and belief, someone on behalf of Premium Poly Patios copied photographs of Seaside Casual Furniture's line of products from authorized dealer websites. **Exhibits "AA" & "BB"**

129. After copying the photographs of Seaside Casual Furniture's line of products from authorized dealer websites, someone on behalf of Premium Poly Patios inserted the following tag line on certain photographs of Seaside Casual Furniture Envirowood furniture: **ENVIROWOOD**

**Eco-Friendly Furniture For a 'World' of difference!**

**Exhibit "Y"**

130. After copying the photographs of Seaside Casual Furniture's line of products from authorized dealer websites, someone on behalf of Premium Poly Patios inserted Seaside Casual Furniture's signature picture of a rocking chair and the following tag line on certain photographs of Seaside Casual Furniture Envirowood furniture:

**SEASIDE**
**CASUAL**
**<u>Furniture</u>** **Exhibit "Y"**

131. The Premium Poly Patios website uses the same product description as that used by Seaside Casual Furniture to describe its products, ie: "Classic Adirondack Rocker", "Shell Back Adirondack Love Seat", "Adirondack End Table". **Exhibits "Y" & "Z"**

132. The Premium Poly Patios website uses certain Seaside Casual Furniture photographs to advertise the Poly-Wood and Poly-Lumber furniture lines. **Exhibits "Y" & "Z"**

133. The Premium Poly Patios website displays photographs of Seaside Casual Furniture that are similar to those displayed on the website of Adirondack Furniture Direct, an authorized Seaside Casual Furniture dealer, whose web address is www.adirondack-furniture-direct.com **Exhibits "Z" &"AA"**

134. The Premium Poly Patios website displays photographs of Seaside Casual Furniture that are similar to those displayed on the website of Kohestan, an authorized Seaside Casual Furniture dealer, whose web address is www.kohestan.com **Exhibits "Z" & "BB"**

135. Arnold Lumber Co. did not give its approval for the use of the term "Seaside Casual Furniture" on the Premium Poly Patios website.

136. Arnold Lumber Co. does not consent to the use of the term "Seaside Casual Furniture" on the Premium Poly Patios website.

137. Arnold Lumber Co. did not give its approval for the use of the term "Envirowood" on the Premium Poly Patios website.

138. Arnold Lumber Co. does not consent to the use of the term "Envirowood" on the Premium Poly Patios website.

139. The Premium Poly Patios' website uses the term "Shell Back" to identify its Poly-Lumber and Poly-Wood products.

140. Arnold Lumber Co. did not give its approval for the use of the term "Shell Back" on the Premium Poly Patios website.

141. Arnold Lumber Co. does not consent to the use of the term "Shell Back" on the Premium Poly Patios website.

142. Arnold Lumber Co. did not give its approval for the use of "Seaside Casual Furniture" photographs on the Premium Poly Patios website.

143. Arnold Lumber Co. does not consent to the use of "Seaside Casual Furniture" photographs on the Premium Poly Patios website.

144. The Premium Poly Patios' website represents that it is an authorized dealer for Envirowood furniture and advertises for sale Seaside Casual Furniture that cannot be sold by Premium Poly Patios.

145. The Premium Poly Patios' website advertises Seaside Casual Furniture at a price greater than such furniture sold by authorized Seaside Casual Furniture dealers.

146. The Premium Poly Patios' website advertises Seaside Casual Furniture at a price greater than it sells similar Poly-Wood and Poly-Lumber furniture products.

147. On December 19, 2006, Attorney Robert Salter filed a trademark/service mark application with the United States Patent and Trade Office for the term "Seaside Casual Furniture" on behalf of Arnold Lumber Co. **Exhibit "CC"**

148. The application for the term "Seaside Casual Furniture" states that it was first used in commerce as early as November 1, 1996. **Exhibit "CC"**

149. At the time of the filing, there were no other applications for the term "Seaside Casual Furniture" on file with the United States Patent and Trade Office.

150. On December 19, 2006, Attorney Robert Salter filed a trademark/service mark application with the United States Patent and Trade Office for the term "Shell Back" on behalf of Arnold Lumber Co. **Exhibit "DD"**

151. The application for the term "Shell Back" states that it was first used in commerce as early as January 1, 2001. **Exhibit "DD"**

152. At the time of the filing, there were no other applications for the term "Shell Back" on file with the United States Patent and Trade Office.

153. On May 30, 2006, Zicom, Inc. filed a trademark/service mark application with the United States Patent and Trade Office for the term "Envirowood". **Exhibit "EE"**

154. Zicom Inc.'s application represented that Zicom, Inc. first began using the term "Envirowood" on March 10, 1998. **Exhibit "EE"**

155. Zicom Inc.'s application represented that Zicom, Inc. first began using the term "Envirowood" in commerce on May 25, 2001. **Exhibit "EE"**

156. Zicom Inc.'s application for the name "Envirowood" was refused pending a request for additional information requested by the examining attorney.

157. The term "Envirowood" had previously been the subject of a trademark filing by Chicagoland Processing Corporation in 1992 and Diversified Plastics, Inc. in 1996, however these filing were abandoned. **Exhibit "FF"**

158. On December 19, 2006, Attorney Robert Salter filed a trademark/service mark application with the United States Patent and Trade Office for the term "Envirowood" on behalf of Arnold Lumber Co. **Exhibit "GG"**

159. The application for the term "Envirowood" states that it was first used in commerce by Arnold Lumber Co. as early as January 1, 2001. **Exhibit "GG"**

160. Arnold Lumber Co will oppose the Zicom, Inc. application for the mark "Envirowood" based upon a fraudulent first use date listed in its application.

161. On January 2, 2007, Attorney Robert Salter sent a letter to Daniel Canary by facsimile transmission and regular mail instructing him to cease using the term "Envirowood". **Exhibit "HH"**

162. On January 2, 2007, Daniel Canary registered the domain name for the website www.envirowoodfurniture.com with GO DADDY SOFTWARE, INC. **Exhibit "II"**

163. On January 2, 2007, Daniel Canary sent an e-mail to Attorney Salter advising that he was the owner of the term "Envirowood". **Exhibit "JJ"**

164. Daniel Canary also represented in his message that his company had been using the name Envirowood for decking material since 1999. **Exhibit "JJ"**

165. Daniel Canary also demanded that Seaside Casual Furniture cease using the term "Envirowood". **Exhibit "JJ"**

166. On January 16, 2007, Attorney Salter sent an e-mail to Daniel Canary again requesting that he cease using the term "Envirowood". **Exhibit "JJ"**

167. On January 16, 2007, Daniel Canary sent a response e-mail to Attorney Salter again refusing to cease using the term "Envirowood". **Exhibit "JJ"**

168. Plaintiff's substantial advertising, promotion and sales of Seaside Casual Furniture's Envirowood furniture has ensured that consumers recognize plaintiff's

trade marks "Seaside Casual Furniture", "Shell Back" and "Envirowood" and associate those trade marks with Plaintiff.

169. Plaintiff's substantial advertising, promotion and sales of Seaside Casual Furniture's Envirowood furniture has ensured that consumers associate plaintiff's trade marks "Seaside Casual Furniture", "Shell Back" and "Envirowood" with plaintiff's reputation for high quality furniture.

170. Plaintiff's substantial advertising, promotion and sales of Seaside Casual Furniture's Envirowood furniture has ensured that consumers associate plaintiff's trade marks "Seaside Casual Furniture", "Shell Back" and "Envirowood" with plaintiff's reputation for honoring its warranty for its furniture.

171. Defendants have intentionally and deliberately used plaintiff's trade marks "Seaside Casual Furniture", "Shell Back" and "Envirowood" to entice potential customers to the Premium Poly Patios website.

172. Defendants have intentionally and deliberately used plaintiff's trade marks "Seaside Casual Furniture", "Shell Back" and "Envirowood" to sell Poly-Wood and Poly-Lumber furniture products.

173. Defendants have intentionally and deliberately used plaintiff's photographs to sell Poly-Wood and Poly-Lumber furniture products.

174. Defendants have intentionally and deliberately registered the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com to entice potential customers to the Premium Poly Patios website.

175. Defendants have intentionally and deliberately registered the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com to sell Poly-Wood and Poly-Lumber furniture products.

176. Defendants have acted intentionally and deliberately to benefit from and take advantage of plaintiff's goodwill, good name and reputation.

177. Defendants' conduct has and will result in a loss of goodwill, and damage to the good name and reputation of Seaside Casual Furniture.

178. Defendants have acted intentionally and deliberately to deceive consumers.

179. Defendants have acted intentionally and deliberately to cause confusion in the minds of consumers as to the relationship or affiliation between Seaside Casual Furniture and Premium Poly Patios.

180. Defendants' conduct has and will result in confusion in the marketplace.

181. This Court has venue pursuant to 28 U.S.C.A. §§1332, 1391 and 1400.

182. This Court has jurisdiction over the claims pursuant to 28 U.S.C.A. §§1331, 1338(a) & (b), 1367 and 22 U.S.C. §1116.

**Count I**
**Unauthorized use of trade name**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

183. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

184. Defendants' use of the term "Shell Back" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

185. Defendants' use of the term "Shell Back" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

186. Defendants' use of the term "Seaside Casual Furniture" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

187. Defendants' use of the term "Seaside Casual Furniture" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

188. Defendants' use of the term "Envirowood" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

189. Defendants' use of the term "Envirowood" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

190. Defendants' use of Seaside Casual Furniture's photographs is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

191. Defendants' use of Seaside Casual Furniture's photographs misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

192. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

193. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

194. There is a strong likelihood that plaintiff will succeed on the merits of the case.

195. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

196. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com/

197. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

198. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

199. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

200. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

201. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendants' use of plaintiff's trade marks, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the term "Shell Back";

e. that defendants are enjoined from using the term "Seaside Casual Furniture";

f. that defendants are enjoined from using the term "Envirowood";

g. that defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

h. the defendants are ordered to file with the court and serve on plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction;

i. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct; and

j. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count II**
**Unauthorized use of trade name**
**Rhode Island law**

202. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

203. The term "Seaside Casual Furniture is inherently distinctive.

204. The term "Seaside Casual Furniture" has acquired secondary meaning.

205. The term "Shell Back" is inherently distinctive"

206. The term "Shell Back" has acquired secondary meaning.

207. The term "Envirowood" is inherently distinctive.

208. The term "Envirowood" has acquired secondary meaning.

209. Defendants' use of the term "Seaside Casual Furniture" is an infringement upon plaintiff's protected interest in that term.

210. Defendants' use of the term "Shell Back" is an infringement upon plaintiff's protected interest in that term.

211. Defendants' use of the term "Envirowood" is an infringement upon plaintiff's protected interest in that term.

212. There is a strong likelihood that plaintiff will succeed on the merits of the case.

213. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

214. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com/

215. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

216. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

217. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

218. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

219. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendants' use of plaintiff's trade marks, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the term "Shell Back";

e. that defendants are enjoined from using the term "Seaside Casual Furniture";

f. that defendants are enjoined from using the term "Envirowood";

g. that defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

h. the defendants are ordered to file with the court and serve on plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction;

i. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct; and

j. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count III**
**Unfair competition**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

220. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

221. Defendants' use of the term "Shell Back" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

222. Defendants' use of the term "Shell Back" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

223. Defendants' use of the term "Seaside Casual Furniture" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

224. Defendants' use of the term "Seaside Casual Furniture" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

225. Defendants' use of the term "Envirowood" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

226. Defendants' use of the term "Envirowood" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

227. Defendants' use of Seaside Casual Furniture's photographs is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

228. Defendants' use of Seaside Casual Furniture's photographs misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

229. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

230. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

231. There is a strong likelihood that plaintiff will succeed on the merits of the case.

232. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

233. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

234. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

235. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

236. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

237. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

238. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendants' use of plaintiff's trade marks, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the term "Shell Back";

e. that defendants are enjoined from using the term "Seaside Casual Furniture";

f. that defendants are enjoined from using the term "Envirowood";

g. that defendants are enjoined from using Seaside Casual Furniture's photographs;

h. that defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

i. the defendants are ordered to file with the court and serve on plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction;

j. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct;

k. that defendants are enjoined from duplicating or copying photographs depicting Seaside Casual Furniture's product line;

l. that defendants are ordered to deliver to plaintiff all unauthorized copies of photographs depicting Seaside Casual Furniture's product line in any form; and

m. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count IV**
**Unfair competition**
**Rhode Island law**

239. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

240. Defendants' use of the term "Shell Back" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection of association with Seaside Casual Furniture.

241. Defendants' use of the term "Shell Back" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

242. Defendants' use of the term "Seaside Casual Furniture" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection of association with Seaside Casual Furniture.

243. Defendants' use of the term "Seaside Casual Furniture" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

244. Defendants' use of the term "Envirowood" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection of association with Seaside Casual Furniture.

245. Defendants' use of the term "Envirowood" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

246. Defendants' use of Seaside Casual Furniture's photographs is likely to cause mistake, and/or deceive as to defendants' affiliation, connection of association with Seaside Casual Furniture.

247. Defendants' use of Seaside Casual Furniture's photographs misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

248. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

249. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

250. There is a strong likelihood that plaintiff will succeed on the merits of the case.

251. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

252. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

253. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

254. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

255. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

256. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

257. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendants' use of plaintiff's trade marks, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the term "Shell Back";

e. that defendants are enjoined from using the term "Seaside Casual Furniture";

f. that defendants are enjoined from using the term "Envirowood";

g. that defendants are enjoined from using Seaside Casual Furniture's photographs;

h. that defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

i. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct;

j. that defendants are enjoined from duplicating or copying photographs depicting Seaside Casual Furniture's product line;

k. that defendants are ordered to deliver to plaintiff all unauthorized copies of photographs depicting Seaside Casual Furniture's product line in any form; and

l. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count V**
**False advertising**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(a)**

258. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

259. Defendants' use of the term "Shell Back" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

260. Defendants' use of the term "Shell Back" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

261. Defendants' use of the term "Seaside Casual Furniture" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

262. Defendants' use of the term "Seaside Casual Furniture" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

263. Defendants' use of the term "Envirowood" is likely to cause mistake, and/or deceive as to defendants' affiliation, connection of association with Seaside Casual Furniture.

264. Defendants' use of the term "Envirowood" misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

265. Defendants' use of Seaside Casual Furniture's photographs is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

266. Defendants' use of Seaside Casual Furniture's photographs misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

267. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com misrepresents the nature, characteristics, qualities or geographic origin of the furniture sold by Premium Poly Patios.

268. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is likely to cause mistake and/or deceive as to defendants' affiliation, connection or association with Seaside Casual Furniture.

269. There is a strong likelihood that plaintiff will succeed on the merits of the case.

270. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

271. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

272. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood" and plaintiff's Seaside Casual Furniture's photographs.

273. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

274. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

275. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

276. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendants' use of plaintiff's trade marks, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the term "Shell Back";

e. that defendants are enjoined from using the term "Seaside Casual Furniture";

f. that defendants are enjoined from using the term "Envirowood";

g. that defendants are enjoined from using Seaside Casual Furniture's photographs;

h. that defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

i. the defendants are ordered to file with the court and serve on plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction;

j. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct;

k. that defendants are enjoined from duplicating or copying photographs depicting Seaside Casual Furniture's product line;

l. that defendants are ordered to deliver to plaintiff all unauthorized copies of photographs depicting Seaside Casual Furniture's product line in any form; and

m. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count VI**
**Cyberpiracy**
**Lanham Trade Mark Act §43, 15 U.S.C. §1125(d)**

277. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

278. Defendants obtained the domain name www.envirowood-furniture.com in bad faith.

279. Defendants obtained the domain name www.envirowoodfurniture.com in bad faith.

280. Defendants obtained the domain name www.envirowood-furniture.com to profit from the term "Envirowood".

281. Defendants obtained the domain name www.envirowoodfurniture.com to profit from the term "Envirowood".

282. Defendants use the domain name www.envirowood-furniture.com.

283. Defendants use the domain name www.envirowoodfurniture.com.

284. The domain name www.envirowood-furniture.com is identical and/or confusingly similar to the term "Envirowood".

285. The domain name www.envirowoodfurniture.com is identical and/or confusingly similar to the term "Envirowood".

286. Defendants' use of the domain names www.envirowood-furniture.com.and www.envirowoodfurniture.com will result in a likelihood of confusion.

268. There is a strong likelihood that plaintiff will succeed on the merits of the case.

287. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com.

288. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com.

289. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

290. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

291. The public has a great interest in the regulation of domain names as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay compensation to plaintiff for its losses incurred as a result of defendant's registration and use of the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com, including but not limited to incidental and consequential damages;

b. that the damages awarded to plaintiff are subject to an assessment of pre and post judgment interest;

c. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

d. that defendants are enjoined from using the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com;

e. the Court order the cancellation of defendants' use of the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com;

f. the Court order defendants to forfeit the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com;

g. the court order GO DADDY SOFTWARE, INC. to prevent defendants from using the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com

h. the Court order defendants to transfer the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com to plaintiff;

i. the Court order GO DADDY SOFTWARE, INC. to transfer the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com to plaintiff;

j. that defendants are ordered to make payment to plaintiff of all gains, profits and advantages derived by defendants' conduct; and

k. that the Court award plaintiffs such other relief the court deems just and appropriate.

**Count VII**
**Unauthorized use of trade name**
**Lanham Trade Mark Act §32, 15 U.S.C. §1114**

292. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

293. Defendants' use of the term "Shell Back" is likely to cause confusion, or to cause mistake, or to deceive.

294. Defendants' use of the term "Shell Back" is harmful to plaintiff.

295. Defendants' use of the term "Seaside Casual Furniture" is likely to cause confusion, or to cause mistake, or to deceive.

296. Defendants' use of the term "Seaside Casual Furniture" is harmful to plaintiff.

297. Defendants' use of the term "Envirowood" is likely to cause confusion, or to cause mistake, or to deceive.

298. Defendants' use of the term "Envirowood" is harmful to plaintiff.

299. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is likely to cause confusion, or to cause mistake, or to deceive.

300. Defendants' use of the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com is harmful to plaintiff.

301. Defendants have engaged in this conduct with the knowledge that it was committed with the intention to cause confusion, mistake or to deceive.

302. There is a strong likelihood that plaintiff will succeed on the merits of the case.

303. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

304. Plaintiff has no adequate remedy at law or otherwise for the damages that will be suffered if defendants are not enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

305. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the terms "Shell Back", "Seaside Casual Furniture" and "Envirowood".

306. Plaintiff will suffer irreparable harm unless defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com.

307. In balancing the equities of this case, plaintiff will suffer great hardship if its request for injunctive relief is denied.

308. In balancing the equities of this case, defendants will suffer minimal hardship if plaintiff's request for injunctive relief is granted.

309. The public has a great interest in the protection of trademarks as a means of ensuring fair competition in the marketplace.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, as follows:

a. that defendants are ordered to pay plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

b. that defendants are enjoined from using the term "Shell Back";

c. that defendants are enjoined from using the term "Seaside Casual Furniture";

d. that defendants are enjoined from using the term "Envirowood";

e. the defendants are enjoined from using the domain names www.envirowoodfurniture.com and www.envirowood-furniture.com;

f. the defendants are ordered to file with the court and serve on plaintiff within thirty (30) days after service on defendants of such injunction, a report in writing under oath setting forth in detail the manner in which defendants have complied with this injunction; and

g. that the court award plaintiffs such other relief the court deems just and appropriate.

**Count VIII**
**Declaratory Judgment**

310. Plaintiff re-asserts the allegations set forth in paragraphs one through one hundred eighty-two as if fully set forth herein.

311. The term "Seaside Casual Furniture" is inherently distinctive.

312. The term "Seaside Casual Furniture" has acquired secondary meaning.

313. The term "Shell Back" is inherently distinctive"

314. The term "Shell Back" has acquired secondary meaning.

315. The term "Envirowood" is inherently distinctive.

316. The term "Envirowood" has acquired secondary meaning.

317. Defendants' use of the term "Seaside Casual Furniture" is an infringement upon plaintiff's protected interest in that term.

318. Defendants' use of the term "Shell Back" is an infringement upon plaintiff's protected interest in that term.

319. Defendants' use of the term "Envirowood" is an infringement upon plaintiff's protected interest in that term.

320. Defendants' conduct in using the terms "Seaside Casual Furniture", "Shell Back" and "Envirowood" will cause confusion.

321. Defendants' use of the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com is an infringement upon plaintiff's protected interest in the term "Envirowood".

322. Defendants' use of the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com will cause confusion.

323. Defendants' use of plaintiff's photographs of its Seaside Casual Furniture is an infringement upon plaintiff's protected interest in those photographs.

324. Defendants' use of plaintiff's photographs of its Seaside Casual Furniture will cause confusion.

325. Plaintiff has suffered damages and will suffer damages as a result of defendants' conduct.

326. Plaintiff has suffered and will suffer a loss of its business reputation as a result of defendants' conduct.

327. The Court must enter declaratory judgment, declaring that only plaintiff can use the term "Seaside Casual Furniture".

328. The Court must enter declaratory judgment, declaring that only plaintiff can use the term "Shell Back".

329. The Court must enter declaratory judgment, declaring that only plaintiff can use the term "Envirowood".

330. The Court must enter declaratory judgment, declaring that only plaintiff can use the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com

331. The Court must enter declaratory judgment, declaring that defendants cannot display or use in any manner photographs of Seaside Casual Furniture' products.

**WHEREFORE**, Plaintiff requests that declaratory judgment enter for as follows:

a. that plaintiff has exclusive use of the name "Seaside Casual Furniture";

b. that plaintiff has exclusive use of the name "Shell Back";

c. that plaintiff has exclusive use of the name "Envirowood";

d. that defendants cannot use the domain names www.envirowood-furniture.com and www.envirowoodfurniture.com

e. that defendants cannot register or use a domain name the contains the terms "Seaside Casual Furniture", "Shell Back" or "Envirowood";

f. that defendants cannot use or display photographs of Seaside Casual Furniture products; and

g. that the court grant such other relief as it deems just and appropriate.

**VERIFICATION**

I, Bruce P. Charleson, being duly sworn, depose and say that I am the President and CEO of Arnold Lumber Co., that I have on behalf of Arnold Lumber Co. reviewed the foregoing Verified Complaint, including its appendices and exhibits, that I am familiar with its contents, and that the statements contained herein are true and accurate.

Bruce P. Charleson

STATE OF RHODE ISLAND
COUNTY OF

In Providence on this 16th day of February, 2007, before me personally appeared Bruce P. Charleson in his capacity as President and CEO of Arnold Lumber Co., to me known and known by me to be the party executing the foregoing instrument and acknowledged said instrument and the execution thereof, to be his free act and deed, and the free act and deed of Arnold Lumber Co.

Notary Public Jennifer L. O'Brien
My Commission Expires: 7/27/10

Arnold Lumber Co.,
d/b/a Seaside Casual Furniture
By its attorneys,

Carl S. Levin (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 FAX
clevin@agglaw.com