**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ARNOLD LUMBER CO., d/b/a**
**SEASIDE CASUAL FURNITURE**

**V.** **CA:07-73ML**

**ZICOM, INC. d/b/a ARCHITECTURAL DESIGN d/b/a**
**PREMIUM POLY PATIOS, ARCHITECTURAL d/b/a**
**PREMIUM POLY PATIOS and PREMIUM POLY PATIOS**

**DANIEL CANARY d/b/a ARCHITECTURAL DESIGN d/b/a**
**PREMIUM POLY PATIOS, ARCHITECTURAL d/b/a**
**PREMIUM POLY PATIOS and PREMIUM POLY PATIOS**

**JUDGMENT STIPULATION**

It is agreed by and between Zicom, Inc., Daniel Canary and Pamela Shelow (hereinafter collectively referred to as "defendants") and Arnold Lumber Co., hereinafter collectively referred to as the "parties, as follows:

1. Plaintiff has the exclusive rights to the trademark "Envirowood" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

2. Defendants are permanently enjoined from using the trademark "Envirowood" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

3. Defendants shall forthwith withdraw their Trademark Application, Serial No. 78895989, for the mark "Envirowood" with the United States Patent and Trade

Mark Office, Defendants shall forthwith serve a copy of said withdrawal papers to Attorney Robert Salter at the law firm of Salter & Michaelson, 321 South Main Street, Fifth Floor, Providence, Rhode Island, 02903.

4. Plaintiff has the exclusive rights to the servicemark "Seaside Casual Furniture" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

5. Defendants are permanently enjoined from using the servicemark "Seaside Casual Furniture" and the term "Seaside" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

6. Plaintiff has the exclusive rights to the trademark "Shell Back" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

7. Defendants are permanently enjoined from using the trademark "Shell Back" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

8. Defendants are permanently enjoined from using the terms "Envirolumber", "Envirotimber", "Envirofurniture" and "Envirofurnishings" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

9. Plaintiff has proprietary rights in its photographs of Seaside Casual Furniture products.

10. Defendants are permanently enjoined from using photographs of Seaside Casual Furniture products in any manner in any medium.

11. Defendants are permanently enjoined from duplicating or copying photographs of Seaside Casual Furniture products.

12. Defendants shall immediately deliver to the attention of Attorney Ralph M. Kinder at the law firm of Armstrong, Gibbons & Gnys, 155 South Main Street, Suite 301, Providence, Rhode Island, all copies of photographs depicting Seaside Casual Furniture products.

13. Defendants shall immediately remove the trademark "Envirowood" from the Premium Poly Patios website.

14. Defendants shall immediately remove the servicemark "Seaside Casual Furniture" from the Premium Poly Patios website.

15. Defendants shall immediately remove the trademark "Shell Back" from the Premium Poly Patios website.

16. Defendants shall immediately remove the Seaside Casual Furniture photographs from the Premium Poly Patios website.

17. Defendants shall immediately cease using the domain name www.envirowoodfurniture.com.

18. Defendants are permanently enjoined from using the domain name www.envirowoodfurniture.com.

19. Defendants shall immediately file the necessary documents to transfer the domain name www.envirowoodfurniture.com to plaintiff, . Defendants shall forthwith provide proof of the filing of such transfer documents to Attorney Robert Salter of the law firm of Salter & Michaelson, 321 South Main Street, Fifth Floor, Providence, Rhode Island, 02903.

20. Defendants shall immediately cease using the domain name www.envirowood-furniture.com.

21. Defendants are permanently enjoined from using the domain name and www.envirowood-furniture.com.

22. Defendants shall immediately file the necessary documents to transfer the domain name www.envirowood-furniture.com to plaintiff, . Defendants shall forthwith provide proof of the filing of such transfer documents to Attorney Robert Salter of the law firm of Salter & Michaelson, 321South Main Street, Fifth Floor, Providence, Rhode Island, 02903.

23. Defendants shall not register any domain name containing the term "Envirowood".

24. Defendants shall not register any domain name containing the term "Seaside Casual Furniture" or any domain name containing the term "Seaside" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.

25. Defendants shall not register any domain name containing the term "Shell Back".

26. Defendants shall not register any domain name containing the terms "Envirolumber", "Envirotimber", "Envirofurniture" and "Envirofurnishings".

27. This Judgment Stipulation shall be construed, in any case where doubt may arise, in such a manner as will make it lawful and fully enforceable. Should any provision of this Judgment Stipulation be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Judgment Stipulation.

28. The provisions of this Judgment Stipulation and the acknowledgments contained herein shall be binding upon the Defendants and their related representatives, agents, officers, owners, shareholders, servants, heirs, administrators, executors, successors, assigns and any other related person, firm, corporation or business entity.

29. The provisions of this Judgment Stipulation and the acknowledgments contained herein shall inure to the benefit of Plaintiff and its related representatives, agents, officers, owners, shareholders, servants, heirs, administrators, executors,

successors, assigns and any other related person, firm, corporation or business entity.

30. Defendants shall cooperate fully and execute any and all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms of this Judgment Stipulation.

31. In the event any litigation or other proceeding is brought for the interpretation or enforcement of this Judgment Stipulation, such litigation will take place in the State of Rhode Island subject to Rhode Island law. Defendants further agree to subject themselves to the jurisdiction of the State of Rhode Island.

32. In the event any litigation or other proceeding is brought for the interpretation or enforcement of this Judgment Stipulation, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs actually incurred in connection therewith, including but not limited to litigation at trial and on appeal, in addition to any other relief to which it may be entitled.

33. This Judgment Stipulation constitutes the entire understanding between the Parties relating to the subject matter hereof and supersedes any prior agreements between the Parties relating to the subject matter hereof.

34. This Judgment Stipulation may not be amended, modified or terminated, in whole or in part, except by an instrument in writing duly executed by the Parties hereof.

35. Defendants agree that the remedy at law for any breach by Defendants of the covenants contained in this Judgment Stipulation may be inadequate or difficult to

ascertain; and hereby agree and consent that in the event of any breach or violation or threatened violation of the terms of the Judgment Stipulation, that Plaintiff, in addition to any other remedies, shall have the right to immediate injunctive relief enjoining Defendants from any activities in violation thereof. Furthermore, nothing herein contained shall be construed as prohibiting Plaintiff from pursuing any other remedies available for such breach or threatened breach, including the recovery of money damages. The covenants contained in this paragraph shall be construed as independent of any other provisions of this agreement and the existence of any other claim or cause of action by Plaintiff against Defendants, and shall not constitute a defense to the enforcement of the within covenants.

36. In the event of a breach by Defendants of the provisions of this Judgment Stipulation, which breach shall be presumed to result in a loss of business and income to Plaintiff, and in the event the United States District Court for the District of Rhode Island shall determine there was a breach of the terms of this Judgment Stipulation, then it is agreed by the parties that in addition to any damages awarded to Plaintiff for said breach, that Defendants, jointly and severally, shall pay to Plaintiff as liquidated damages, the measure of such damages shall be equal to the amount of gross sales by Defendants during the two years immediately preceding said breach.

37. Each of the parties hereto verifies that they have carefully read this Settlement Agreement and know and understand the contents thereof, that they have had a

full and fair opportunity to consult with counsel of their choice concerning this agreement and that they have consulted their counsel prior to signing this document, that they are voluntarily entering into this agreement, and that they have not been coerced or threatened into signing this document or the documents executed pursuant to this agreement; that they are over the age of eighteen (18) years of age, that they are competent to sign this document, and are not now, nor have they been, the subject of a guardianship.

38. This Judgment Stipulation is the product of informed negotiations between the Parties and their respective representatives, including counsel, and it shall not be construed either in favor of or against any party by virtue of any Party being deemed the drafter thereof.

39. Upon the filing of this Judgment Stipulation and compliance by defendants with the terms of this Judgment Stipulation, the parties shall file a Dismissal Stipulation, dismissing the action with prejudice.

40. Defendants' obligations under this Judgment Stipulation shall survive the dismissal of this case. Defendants' obligations under this Judgment Stipulation shall be for eternity.

***The remainder of this page has been intentionally left blank.***

______________________ 3/16/07
**Zicom, Inc.** ***pro se*** **Date**
**By Daniel Canary, its duly authorized representative**

**STATE OF FLORIDA**

In Miami-Dade County, on this 16 day of March, 2007, before me, the undersigned notary public, personally appeared **Daniel Canary** in his capacity as a duly authorized representative of Zicom, Inc., and proved to me through satisfactory evidence of identification, which was a ______________ *(description of identification)*, to be the person whose name is signed on the preceding or attached documents, and acknowledged to me that he signed it voluntarily for its stated purpose, and that it was voluntarily signed on behalf of Zicom, Inc. pursuant to a corporate resolution which is attached hereto and incorporated herein.

NOTARY PUBLIC STATE OF FLORIDA Jodie A. Beltran Commission # DD547031 Expires June 25, 2010 Bonded Troy Fain Insurance, Inc 800-385-7019

Notary Public:
My Commission Expires:________

______________________ 3/16/07
**Zicom, Inc.** ***pro se*** **Date**
**By Pamela Shelow, its duly authorized representative**

**STATE OF FLORIDA**

In Miami Dade County, on this 16 day of March, 2007, before me, the undersigned notary public, personally appeared **Pamela Shelow** in her capacity as a duly authorized representative of Zicom, Inc., and proved to me through satisfactory evidence of identification, which was a ______________ *(description of identification)*, to be the person whose name is signed on the preceding or attached documents, and acknowledged to me that she signed it voluntarily for its stated purpose, and that it was voluntarily signed on behalf of Zicom, Inc. pursuant to a corporate resolution which is attached hereto and incorporated herein.

NOTARY PUBLIC STATE OF FLORIDA Jodie A. Beltran Commission # DD547031 Expires June 25, 2010 Bonded Troy Fain Insurance, Inc 800-385-7019

Notary Public:
My Commission Expires:________

**Daniel Canary,** ***pro se*** **Date** 3/16/07

**STATE OF FLORIDA**

In Miami Dade County, on this 16 day of March, 2007, before me, the undersigned notary public, personally appeared Daniel Canary, and proved to me through satisfactory evidence of identification, which was a ______________ *(description of identification)*, to be the person whose name is signed on the preceding or attached documents, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public:
My Commission Expires: ______

NOTARY PUBLIC STATE OF FLORIDA Jodie A. Beltran Commission # DD547031 Expires June 25, 2010 Bonded Troy Fain Insurance, Inc 800-385-7019

**Pamela Shelow,** ***pro se*** **Date** 3/16/07

**STATE OF FLORIDA**

In Miami Dade County, on this 16 day of March, 2007, before me, the undersigned notary public, personally appeared Pamela Shelow, and proved to me through satisfactory evidence of identification, which was a ______________ *(description of identification)*, to be the person whose name is signed on the preceding or attached documents, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public:
My Commission Expires:

NOTARY PUBLIC STATE OF FLORIDA Jodie A. Beltran Commission # DD547031 Expires June 25, 2010 Bonded Troy Fain Insurance, Inc 800-385-7019

Arnold Lumber Co.,
d/b/a Seaside Casual Furniture
By its attorneys,

Carl S. Levin (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 FAX
clevin@agglaw.com

3/29/07
Date

BY ORDER:

Honorable Mary Lisi,
Chief Justice, United States District Court
for the District of Rhode Island

April 3, 2007
Date

Clerk
United States District Court
for the District of Rhode Island

April 3, 2007
Date