UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**ARNOLD LUMBER CO., d/b/a
SEASIDE CASUAL FURNITURE**

**V.** **CA:**

**ZICOM, INC. d/b/a ARCHITECTURAL DESIGN
d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL;**

**DANIEL d/b/a ARCHITECTURAL DESIGN
d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL;**

**PAMELA SHELOW d/b/a ARCHITECTURAL DESIGN
d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL;**

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO ADJUDGE DEFENDANTS ZICOM, INC., DANIEL CANARY AND PAMELA SHELOW IN CONTEMPT OF THE JUDGMENT STIPULATION & FOR IMMEDIATE INJUNCTIVE RELIEF

Now comes the Plaintiff in the above-referenced matter and files this Memorandum of Law in support of its motion to adjudge Defendants Zicom, Inc., Daniel Canary and Pamela Shelow in contempt for their willful and intentional violations of the Judgment Stipulation entered as an Order by this Court on April 3, 2007 in Case Number 07-073ML, and request that the Court immediately enjoin Defendants from the conduct that is the basis for the motion to adjudge Defendants in contempt.

## STATEMENT OF FACTS

Plaintiff, Arnold Lumber Co. (hereinafter referred to as "Arnold"), a division of which is doing business as Seaside Casual Furniture (hereinafter referred to as "Seaside") filed suit in Case Number 07-073ML against Defendants Zicom, Inc. (hereinafter referred

to as "Zicom") and Daniel Canary d/b/a Architectural Design and d/b/a Premium Poly Patios, alleging trademark infringement, unfair competition, false advertising and cyberpiracy. Plaintiff also sought declaratory judgment and injunctive relief to prevent Defendants from using Plaintiff's trademarks on their website, *www.poly-lumber-furniture.com.* Zicom is an active Florida corporation, of which Daniel Canary is President and Pamela Shelow is Vice-President.

On March 16, 2007, Plaintiff entered into a Judgment Stipulation with Zicom, Daniel Canary and Pamela Shelow (hereinafter collectively referred to as "Defendants"). **(Exhibit "A")**. Daniel Canary and Pamela Shelow entered into this agreement individually as well as in their capacity as officers of Zicom. The Judgment Stipulation prohibits Defendants from using the trademarks "Envirowood" and "Shell Back" and the service mark "Seaside", and required that Defendants remove those terms from their website. The Judgment Stipulation was entered as an Order of the Court on April 3, 2007.

Despite the prohibitions contained in the Judgment Stipulation, Defendants have willfully and intentionally continued to employ these terms on their website. As a result, Plaintiff has filed a Verified Motion to Adjudge Defendants in Contempt, with exhibits attached thereto. Plaintiff requests that this Court find Defendants in contempt as a result of their willful and intentional violations of the Judgment Stipulation, and that the Court immediately enjoin Defendants from the conduct that is the basis of Plaintiff's motion to adjudge in contempt.

## JURISDICTION

The Court has jurisdiction over Defendants under its inherent power to enforce compliance with its orders and under Paragraphs 31 and 36 of the Judgment Stipulation, in which Defendants agreed to submit themselves to the jurisdiction of this Court to enforce the terms of the Judgment Stipulation.

## LEGAL STANDARD

A consent judgment is a judicial act with the same force and effect as a judgment rendered following a contested trial. *Inmates of Boys' Training School v. Southworth,* 76 F.R.D. 115, 123 (D.R.I. 1977). The effectiveness of a consent judgment rests on the consenting parties' compliance with its terms. *Palmigiano v. DiPrete,* 700 F.Supp. 1180, 1192 (D.R.I. 1988). Furthermore, the First Circuit has noted that consent decrees, when entered into by private parties, are often viewed as contracts. *Id.*

Civil contempt may be imposed to compel compliance with a court order or to compensate a party harmed by non-compliance. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949). A court considering a contempt motion must make a four-part inquiry: (1) whether the alleged contemnor had notice of the order; (2) whether the order was "clear and unambiguous"; (3) whether the alleged contemnor had the ability to comply with the order; and (4) whether the alleged contemnor violated the order. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005).

## ARGUMENT

The Judgment Stipulation is clear and unambiguous and left Defendants with no reasonable doubt as to what would be a violation of its terms. Pursuant to the Judgment Stipulation, Defendants agreed that Plaintiff has exclusive rights to the trademarks "Envirowood", "Shell Back" and the service mark "Seaside", and that Defendants were permanently enjoined from using those terms. The Judgment Stipulation also required Defendants to immediately remove all references to those terms from their website, and informed Defendants that their use of these terms and/or their failure to remove these terms from their website would be a clear violation of the terms of the Judgment Stipulation. Defendants had notice of the terms of the Judgment Stipulation because they signed it in their individual and corporate capacities.

The remaining inquiry is whether Defendants had the ability to remove these terms from their website, and whether Defendants violated the Judgment Stipulation by continuing to use these terms and/or by not removing these terms from their website. Paragraphs 1, 2 & 13 of the Judgment Stipulation, which concern the trademark "Envirowood", provide:

> 1. Plaintiff has the exclusive rights to the trademark "Envirowood" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 2. Defendants are permanently enjoined from using the trademark "Envirowood" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 13. Defendants shall immediately remove the trademark "Envirowood" from the Premium Poly Patios website.

Paragraphs 6, 7 & 15 of the Judgment Stipulation, which concern the trademark "Shell Back", provide:

> 6. Plaintiff has the exclusive rights to the trademark "Shell Back" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 7. Defendants are permanently enjoined from using the trademark "Shell Back" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 15. Defendants shall immediately remove the trademark "Shell Back" from the Premium Poly Patios website.

Paragraphs 4, 5 & 15 of the Judgment Stipulation, which concern the service mark "Seaside", provide:

> 4. Plaintiff has the exclusive rights to the service mark "Seaside Casual Furniture" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 5. Defendants are permanently enjoined from using the service mark "Seaside Casual Furniture" and the term "Seaside" in connection with the manufacture, advertising, promotion and sale of furniture and furniture related goods and services.
>
> 14. Defendants shall immediately remove the service mark "Seaside Casual Furniture" from the Premium Poly Patios website.

As the owners of the website *www.poly-lumber-furniture.com*, Defendants have had the ability to remove these terms from their website and become in compliance with the terms of the Judgment Stipulation. Despite the prohibitions contained in the Judgment Stipulation, Defendants have continued to employ these terms on their website. **(Exhibits "B", "C", "D" & "E")**. Defendants have continued to use these terms to benefit from and take advantage of Plaintiff's goodwill, good name and reputation, with

the intention of causing confusion in the minds of consumers as to the relationship or affiliation between Seaside Casual Furniture and Premium Poly Patios.

In addition to violating the terms and conditions of the Judgment Stipulation, Defendants' conduct is a continuing violation of the trademark protections afforded by Section 43 of the Lanham Trade Mark Act[1] and under Rhode Island law.[2] Defendants' conduct also constitutes unfair competition under Section 43 of the Lanham Act[3] and Rhode Island law.[4]

## CONCLUSION

Based upon the Verified Motion and the exhibits attached thereto, it is clear that Plaintiff is entitled to the relief requested. Plaintiff has clearly established that (1) Defendants had notice of the Judgment Stipulation; (2) the terms and conditions of the Judgment Stipulation are "clear and unambiguous"; (3) Defendants had the ability to comply with the Judgment Stipulation; and (4) Defendants violated the terms and

---

[1] **(a) Civil action**
**(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --
**(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
**(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. *The Lanham Trade Mark Act, §43, 15 U.S.C. §1125.*

[2]. *See National Lumber & Bldg. Materials Co v. Langevin,* 798 A.2d 429, 433 (R.I. 2002) and *Sayles Biltmore Bleacheries Inc. v. Narragansett Wiping Supply Co.,* 134 A.2d 57, 61 (R.I. 1957).

[3]. *See Boston Professional Hockey Association, Inc. v. Dallas Cap & Emblem Manufacturing, Inc.,* 510 F.2d 1004, 1010 (5th Cir. 1975).

[4]. *See Armington v. Palmer*, 42 A. 308 (R.I. 1898), *Bostitch, Inc. v. King Fastener Co*., 140 A.2d 274, 282 (R.I. 1958, *Schroeder v. Lotito*, 577 F.Supp 708, 720 (D.R.I. 1983), *Merlino v. Schmetz*, 20 A.2d 266, 267 (R.I. 1941).

conditions of the Judgment Stipulation. *Saccoccia at* 27. As a result, Plaintiff respectfully requests that this Court grant the following relief:

a. that Defendants be found in civil contempt for their violations of the Judgment Stipulation;

b. that Plaintiff's request for injunctive relief be granted and that Defendants are permanently enjoined from using the trademarks "Envirowood" and "Shell Back", and the service mark "Seaside";

c. that Plaintiff is awarded damages suffered as a result of Defendants' conduct;

d. that Plaintiff is awarded liquidated damages as provided in Paragraph 36 of the Judgment Stipulation;

e. that the Court sanction Defendants for their contempt by ordering Defendants to pay an amount deemed appropriate by the Court for their contempt of this Court's Order;

f. that Plaintiff is awarded reasonable attorneys' fees and costs incurred in the prosecution of this action as provided in Paragraph 31 of the Judgment Stipulation.

Arnold Lumber Co.,
d/b/a Seaside Casual Furniture
By its attorneys,
/S/

Carl S. Levin, Esq. (#3336)
Christopher A. Murphy, Esq. (#7364)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 FAX
clevin@agglaw.com

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that on the 20th day of December, 2007, I caused to be served a true copy of the within Memorandum of Law via U.S. Mail, postage prepaid to the following *pro se* Defendants:

Zicom, Inc.
c/o Daniel Canary, Registered Agent
1200 Falcon Avenue
Miami Springs, FL 33166

Daniel Canary
1200 Falcon Avenue
Miami Springs, FL 33166

Pamela Shelow
1200 Falcon Avenue
Miami Springs, FL 33166

/S/

Carl S. Levin, Esq.