**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ARNOLD LUMBER CO., d/b/a**
**SEASIDE CASUAL FURNITURE**

**Vs.** **CA: 07-73ML**

**ZICOM, INC. and DANIEL CANARY and PAMELA SHELOW d/b/a ARCHITECTURAL DESIGN d/b/a PREMIUM POLY PATIOS, ARCHITECTURAL d/b/a PREMIUM POLY PATIOS and PREMIUM POLY PATIOS**

## AUTHORITY

**Daniel Canary's Motion to Vacate Judgment/Order (Document 12) is made pursuant to one or more of the following:**

Civil Rule 60(b)(1): Mistake, inadvertence, surprise, excusable neglect or irregularity in obtaining the Judgment/Order;

Civil Rule 60(b)(4): Fraud, misrepresentation or other misconduct of an adverse party;

Other relevant issues discussed below;

## PROPOSED ORDER

No breach of the terms or contempt had or has been made by Zicom Inc, Daniel Canary and Pamela Shelow. And no fees are incurred by Zicom Inc, Daniel Canary and Pamela Shelow for contempt of court due to Mr Levin's tactics and legal ethics.

## STATEMENT OF FACTS

On Christmas Eve a letter from Carl S. Levin's office was sent to me through regular US postal service. Upon opening this letter, it contained the original motion as well as the signed stipulation between myself and Arnold Lumber for the trademark name 'Envirowood'. We gave up rights due to lack of funds to try the case.
Also included was what appeared to be an unofficial copy of something stating that I was under contempt of the previously signed stipulation. This document was not registered

with the courts nor did it contain any course of action to respond in any manner. Nor did the document contain any signatures or indication of a legal document. **(Exhibit "C")**
Since I was pro se for the stipulation, I immediately phoned Carl Levin's office at the very first opportunity that was available after the holiday, which was December 27, 2007. Upon calling Mr Levin, he initially refused to speak to me concerning the matter. I informed him that I didn't have enough money to hire an attorney and that he would need to speak to me directly which he finally agreed to do.

After hearing the allegations from Mr Levin, I told Mr Levin that I had the resolution to the matter that might be happening in the case of contempt on the signed stipulation. I told Mr Levin that I had been contacted by Andy Boyce from Arnold Lumber back in July 2007. Mr Boyce expressed his concern because there were some terms that were still showing up on the menu bar as descriptions not seen by the public unless the menu bar was activated. This being the web site which was addressed in the original agreement. I immediately researched the issue and had the words removed from the website coding. I emailed Mr Boyce letting him know that the terms he questioned had been removed. I also stated that if something else showed up to please let me know and I would take care of it. **(Exhibit "A")**

Mr Levin asked me to put in writing in the form of an email a response to his claims and explain myself. He expressed that he would consider this a response to what they were indicating. Mr Levin told me he would give me a call the following week. He never returned my call, so I was under the impression that the email I sent made the awareness of the situation and that no further action would be needed. **(Exhibit "B")**

Since there were not court seals, signatures or any other type of notice to respond or appear I believed that this was a "scare" tactic designed and forwarded to me to get a response. It became apparent to me that Mr. Levin had not realized that I had been in contact with Andy Boyce. After the email I received no further communication from Mr. Levin and I believed that my emails showing my past willingness to comply with the agreement had resolved the issue of non-compliance and that the matter was resolved.

On January 17, 2008, I received in the mail a copy of a document, Document 12, filed on 01/14/2008. I immediately phoned Mr Levin and asked what the document was. In a very cocky attitude Mr Levin told me that I was in violation on the motion filed by him. After

I told him that the document he sent was in no way a document that was filed with the court system, he told me that since I was pro se it was 'too bad for me'.

I explained to Mr Levin of our last conversation about me sending the email of my position and explanation at which time he led me to believe that everything was okay with what had transpired. Also, since Mr Levin's office never sent me notice of any court proceedings or filings or notice to appear for court I truly felt that I had resolved the concerns of Arnold Lumber.

When I ask him why he didn't at least call me like he said he was going to, he told me it was not his responsibility to return my call nor his responsibility to notify me of any proceedings or actions regarding this matter. I told him I was left in the dark and that I had complied with any requests and was not in violation. Mr Levin took the attitude that as long as he was getting money from somewhere he didn't care.

**ARGUMENT**

1) Mr Levin sent me copies of paperwork that appeared to be not in an official manner with no court marks, signatures, stamps or anything else to indicate that the document was filed and was a legal document. Was only sent as a warning letter.
2) We have been in compliance with signed stipulation and have never been un-available in any manner to resolve, talk or discuss if a problem arose.
3) Mr Levin led me to believe after our phone conversation, that if I sent an email explaining or responding to the situation that would remedy the problems at hand.
4) Mr Levin's office never contacted us in any manner or form in regards to proceedings, filings, etc. that would led me to believe a course of action needed to be followed up with.
5) Even in Mr Levin's 'Certification of Service' there is only mention of documents being sent to Zicom, Inc, Daniel Canary and Pamela Shelow as recipients of paperwork which is not even signed. As well as no other signatures on the document.
6) I apologize for the lack of response on our part. We are just a small family run business trying to make a living being pursued by a large company that seems to

want to "prosecute" us to the fullest at the slightest incident which really wasn't an incident at all. We are represented pro se and at the very least as a courtesy by the filing attorney could let us know to respond in the form of a written document or that a court date would be set. Please forgive our ignorance but we are just not in a financial situation to hire attorneys at will when we have been open and available to the opposing party for their slightest concerns.

## CONCLUSION

Based upon the exhibits and fore mentioned statements Defendant should not be held in contempt or violation because we clearly have shown an interest in working things out as there are many aspects to the website that are managed by outsourced contractors and at times it is easy to miss removing or adding items that would be necessary to update a website. This was not an intentional action as the opposing counsel has proposed but a mere oversight due to the many facets of an internet website. Many of the "issues" brought before us by Mr Levin were not even valid because he had not cleared his cache so his computer was bringing up old pages that no longer existed on our website. That is why we made it perfectly clear that we were available if any other issues or concerns should arrive concerning the signed stipulation.

DATE: January 18, 2008

Respectfully Submitted,

Daniel Canary

Daniel Canary
Print Name

Pamela Shelow

Pamela M. Shelow

Print Name

1200 Falcon Avenue
Miami Springs, FL 33166
(305) 885-1234
(305) 675-3738 Fax
Danielc1234@gmail.com

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on the 18th day of January, 2008, I caused to be served a true copy of the within Motion to Adjudge via US Mail, postage prepaid to the follow parties and court.

Carl S. Levin, Esq. (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 Fax

United States District Court
Clerks Office
c/o Chief Judge Mary M. Lisi
RE: Case 1:07-cv-00073-ML-LDA
1 Exchange Terrace
Providence, Rhode Island 02903