UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**ARNOLD LUMBER CO., d/b/a**
**SEASIDE CASUAL FURNITURE**

**V.** **CA: 07-073ML**

**ZICOM, INC. d/b/a ARCHITECTURAL DESIGN**
**d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL;**

**DANIEL CANARY d/b/a ARCHITECTURAL DESIGN**
**d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL; &**

**PAMELA SHELOW d/b/a ARCHITECTURAL DESIGN**
**d/b/a PREMIUM POLY PATIOS d/b/a ARCHITECTURAL**

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO VACATE THE ORDER ADJUDING DEFENDANTS IN CONTEMPT OF THE JUDGMENT STIPULATION

Now comes Plaintiff, Arnold Lumber Co., and files this objection to the Defendants' motion to vacate the Order adjudging defendants in contempt of the Judgment Stipulation. As a basis for this objection, it is asserted as follows:

1. Following the filing of Plaintiff's motion to adjudge Defendants in contempt of the Judgment Stipulation, telephone correspondence was received from Daniel Canary by attorneys Ralph N. Kinder and Carl S. Levin.

2. Attorneys Kinder and Levin told Daniel Canary that he (Canary) did not have any credibility, but that we would look into his explanation regarding why Defendants and their website were not in compliance with the terms of the Judgment Stipulation.

3. Upon further review, including speaking with an information technology consultant, it was determined that Daniel Canary's explanations were without merit.

4. Neither attorney Kinder nor attorney Levin told Daniel Canary that Defendants did not have to file a responsive pleading.

5. Neither attorney Kinder nor attorney Levin made any representations to Daniel Canary that indicated Defendants did not have to file a responsive pleading.

6. Following the entry of the Order adjudging Defendants in contempt, Daniel Canary telephoned attorney Levin.

7. In response to Daniel Canary's complaints, attorney Levin advised Daniel Canary that he (Canary) was in this situation because he had elected to represent himself, and that there had been full compliance with all ethical obligations incumbent upon an attorney.

8. Defendants have not established good cause to justify their motion to vacate the Order adjudging defendants in contempt of the Judgment Stipulation.

**WHEREFORE**, Plaintiff moves that the Court deny Defendants' motion to vacate the Order adjudging Defendants in contempt of the Judgment Stipulation.

Arnold Lumber Co.,
d/b/a Seaside Casual Furniture
By its attorneys,

Carl S. Levin, Esq. (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 FAX
*clevin@agglaw.com*

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on the 29th day of January, 2008, I caused to be served a true copy of the within Objection to defendants' motion to vacate the Order adjudging defendants in contempt of the Judgment Stipulation via U.S. Mail, postage prepaid to the following *pro se* Defendants:

Zicom, Inc.
c/o Daniel Canary, Registered Agent
1200 Falcon Avenue
Miami Springs, FL 33166

Daniel Canary
1200 Falcon Avenue
Miami Springs, FL 33166

Pamela Shelow
1200 Falcon Avenue
Miami Springs, FL 33166

/S/

Carl S. Levin, Esq.